```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

KONNOR GIBSON,

    Plaintiff,

v.                              Case No. 8:16-cv-2093-T-33MAP

DEPUTY MICHAEL KIMSON, et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court sua sponte. On August 17, 2016, with leave of Court, Plaintiff Konnor Gibson filed his Amended Complaint. (Doc. # 15). For the reasons below, the Court remands this action to state court.

## Discussion

On June 20, 2016, Gibson filed his original Complaint in the Twelfth Judicial Circuit, in and for Sarasota County, Florida, against Defendants Sheriff Tom Knight, in his official capacity, and Police Chief Tom Mattmuller, in his official capacity. (Doc. # 2). The Complaint brought one claim of false arrest against Knight and Mattmuller each. (Id.). Knight removed the action to this Court on the basis of federal-question jurisdiction on July 21, 2016. (Doc. # 1). At the time of removal, Mattmuller had not been served. (Id.

at 1). Moreover, nothing in the record currently before the Court establishes that Mattmuller has since been served.

Thereafter, Knight filed a motion to dismiss on July 25, 2016. (Doc. # 5). The Court subsequently held its Case Management and Scheduling Conference, during which the Court inquired as to the propriety of jurisdiction. Given the ambiguity in the Complaint with respect to whether Gibson brought his claims of false arrest under 42 U.S.C. § 1983, purely state law, or both, the Court denied Knight's motion to dismiss and granted Gibson leave to file an amended complaint by August 17, 2016. (Doc. # 10).

Gibson timely filed his Amended Complaint. (Doc. # 15). The Amended Complaint brings one claim of false arrest against Knight, Mattmuller, and two new defendants, Deputy Michael Kimson and Officer Kim Kimson. (Id.). Notably, Gibson specifically states in his Amended Complaint that "[t]his Complaint asserts only state law claims against the Defendants." (Id. at ¶ 8).

"Federal courts have limited subject matter jurisdiction . . . ." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does

2

not exist arises." <u>Fitzgerald v. Seaboard Sys. R.R., Inc.</u>, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam).

"Pursuant to 28 U.S.C. § 1331, a district court has jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States." <u>Christman v. Jackson Hewitt, Inc.</u>, 379 Fed. Appx. 956, 958 (citing <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1310 (11th Cir. 2001)). And, "[a] claim arises under federal law . . . when the plaintiff's well pleaded complaint establishes that federal law either creates the cause of action or that the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law." <u>Id.</u> (citing <u>Smith</u>, 236 F.3d at 1310).

Here, Gibson specifically alleges that he is "assert[ing] only state law claims against the Defendants." (Doc. # 15 at ¶ 8). Therefore, Gibson's claims are not created by federal law, nor is his right to relief dependent upon the resolution of a substantial question of federal law. As such, the Amended Complaint does not, on its face, present a basis for this Court to exercise federal-question jurisdiction. The action is thus remanded to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

3

(1) This action is **REMANDED** to state court for lack of subject-matter jurisdiction.

(2) Once remand is effected, the Clerk shall **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of August, 2016.

　　　　　　　　　　　　　　　/s/ Virginia M. Hernandez Covington
　　　　　　　　　　　　　　　VIRGINIA M. HERNANDEZ COVINGTON
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE